937 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
G. Anthony MONTANTE, Plaintiff-Appellant,
v.
James J. BLANCHARD, et al., Defendants-Appellees.
 No. 90-2002.
 United States Court of Appeals, Sixth Circuit.
 July 18, 1991.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and HIGGINS, District Judge.*
 DAVID A. NELSON, Circuit Judge.
 
 
 1
 This is an appeal from a district court order dismissing a civil rights action. The complaint alleged that certain affirmative action policies of the State of Michigan were invalid on their face. The plaintiff having admitted that he was not seeking redress for any act of past discrimination and that he was not currently competing for a position, the district court concluded that the plaintiff had no standing to sue and dismissed his case with prejudice. We shall affirm the dismissal, but direct that it be without prejudice.
 
 
 2
 * The plaintiff, G. Anthony Montante, is a civil servant employed by the Michigan Department of Treasury. He currently holds a position classified as Auditor VII.
 
 
 3
 Mr. Montante filed his original complaint in January of 1989. An amended complaint was filed three months later, naming as defendants James Blanchard, the governor of Michigan; Robert Bowman, the state treasurer and head of the Department of Treasury; four members of the Michigan Civil Service Commission; nine members of the Michigan Equal Employment and Business Opportunity Council; eight members of the Michigan Civil Rights Commission; and the State of Michigan. Count One of the amended complaint sought declaratory and injunctive relief with respect to affirmative action policies applicable in general to Michigan's classified civil service. Count Two prayed for similar relief regarding affirmative action plans applicable specifically to Michigan's Treasury Department.
 
 
 4
 On the strength of its earlier decision in a case presenting similar issues, Conlin v. Blanchard, No. 88-CV-71578-DT, the district court granted summary judgment to the defendants. Conlin was reversed by this court, see Conlin v. Blanchard, 890 F.2d 811 (6th Cir.1989), and we subsequently reversed the grant of summary judgment in the instant case. See Montante v. Blanchard, 897 F.2d 529 (6th Cir. 1990) (unpublished; text available on WESTLAW as 1990 WL 19683, on Lexis as 1990 U.S.App.Lexis 3196).
 
 
 5
 On remand, the defendants moved to dismiss the complaint for want of standing. Because the plaintiff admitted that he was not currently competing for a promotion, although he had done so in the past, the defendants argued that any harm he might suffer in the future was too speculative to constitute the sort of "injury in fact" essential for finding a justiciable case or controversy. The district court agreed, and the motion to dismiss was granted. This appeal followed.
 
 II
 
 6
 Under Article III of the United States Constitution, the federal judicial power is limited to "Cases" and "Controversies." To demonstrate the existence of a case or controversy, a plaintiff must show, among other things, " 'that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.' " Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (quoting Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979)). This injury must be " 'distinct and palpable,' as opposed to merely '[a]bstract,' and the alleged harm must be actual or imminent, not 'conjectural' or 'hypothetical.' " Whitmore v. Arkansas, 110 S.Ct. 1717, 1723 (1990) (citations omitted). If a litigant seeks prospective relief, the "threatened injury must be 'certainly impending' to constitute injury in fact." Id. at 1725 (quoting Babbitt v. Farm Workers, 442 U.S. 289, 298 (1979)).
 
 
 7
 The Supreme Court's recent decision in Renne v. Geary, 59 U.S.L.W. 4675 (June 17, 1991), is particularly instructive in this connection. There a group of San Francisco voters filed a complaint in federal court challenging the constitutionality of Sec. 6(b) of the California constitution, which prohibits political parties from endorsing or opposing candidates for nonpartisan offices. The complaint sought, among other things, a declaration that Sec. 6(b) violates the First and Fourteenth Amendments and an injunction preventing city and county officials from deleting references to party endorsements in campaign statements. The district court and the court of appeals both held that the plaintiffs were entitled to summary judgment, but the Supreme Court disagreed; finding that the plaintiffs had not "demonstrated a live controversy ripe for resolution by the federal courts," id. at 4676, the Supreme Court vacated the lower court's judgment and directed that the claim be dismissed without prejudice. Writing for the majority, Justice Kennedy explained that
 
 
 8
 "[a]bsent a contention that Sec. 6(b) prevented a particular endorsement, and that the controversy had not become moot prior to the litigation, this allegation [of possible future harm] will not support an action in federal court.... We also discern no ripe controversy in the allegations that respondents desire to endorse candidates in future elections.... [because the respondents] do not allege an intention to endorse any particular candidate, nor that a candidate wants to include a party's or committee member's endorsement in a candidate statement. We possess no factual record of an actual or imminent application of Sec. 6(b) sufficient to present the constitutional issues in 'clean-cut and concrete form.' " Id. at 4678 (citations omitted and emphasis supplied).
 
 
 9
 The factual record in the case at bar is similarly meager. Although positions for which Mr. Montante might apply become open with some frequency, as counsel for the defendants admitted at oral argument, Mr. Montante is not currently competing for any particular position. We do not know that he will compete for a particular position in the future. If he does compete, he may be successful; if he is not successful, we do not know how his qualifications for the particular job sought will have stacked up against those of the successful applicant. Given these uncertainties, any attempt to resolve the substantive merits of the case in its present posture would involve " 'too remote and abstract an inquiry for the proper exercise of the judicial function.' " Id. (quoting International Longshoremen's and Warehousemen's Union, Local 37 v. Boyd, 347 U.S. 222, 224 (1954)).
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED. In keeping with Renne v. Geary, we direct that the order of dismissal be MODIFIED to show that the dismissal is without prejudice.
 
 
 
 *
 The Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, sitting by designation